UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TRUMBULL INS. CO., as Subrogee of John and Linda Eibeck, and THE CINCINNATI INS. CO., as Subrogee of TKM Group, d/b/a Marion RV Storage,<br><br>    Plaintiffs,<br><br>    v.<br><br>TIFFIN MOTORHOMES, INC.,<br><br>    Defendant/Crossclaimant,<br><br>    and<br><br>THETFORD CORPORATION, d/b/a Norcold, and NORCOLD, INC.,<br><br>    Defendants/Crossclaim Defendants. | Case No. 19-cv-146-JPG-RJD |

**MEMORANDUM AND ORDER**

This matter comes before the Court on the responses of defendants Norcold, Inc. and Thetford Corporation (by a limited appearance) (Doc. 66) and of defendant Tiffin Motorhomes, Inc. (Doc. 67) to the Court's July 19, 2019, order to show cause (Doc. 60) why the Court should not find complete diversity no longer exists and should not remand this case to the Circuit Court for the First Judicial Circuit, Williamson County, Illinois, pursuant to 28 U.S.C. § 1447(e). That provision states, "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." "When joinder of a nondiverse party would destroy subject matter jurisdiction, 28 U.S.C. § 1447(e) applies and provides the district court two options: (1) deny joinder, or (2) permit joinder and remand the action to state court." *Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 759 (7th Cir. 2009).

In its order to show cause, the Court noted that complete diversity existed at the time of removal because the plaintiffs were citizens of Connecticut and Ohio, respectively, and the defendants, were citizens of Alabama and Michigan, respectively. However, it appeared to the Court that the later addition of Norcold, Inc., as a defendant in the First Amended Complaint might have destroyed complete diversity because there were indications Norcold's principal place of business was in Ohio and was therefore a citizen of Ohio. If plaintiff Cincinnati Insurance Company and defendant Norcold are both citizens of Ohio, complete diversity no longer exists. For this reason, the Court issued the order to show cause.

The defendants have responded essentially admitting, but not expressly stating, that Norcold's principal place of business was and is in Ohio. Norcold and Thetford blame the plaintiffs for not disclosing Norcold's citizenship when they sought leave to amend their complaint. Norcold and Thetford believe this failure increased their work unnecessarily and caused them to waste their resources. Consequently, they ask that if the Court remands this case, it order the plaintiffs to pay for their reasonable costs and expenses incurred as a consequence of the plaintiffs' delinquency. Alternatively, they ask the Court to reconsider its decision to allow the plaintiffs to amend their pleading to add Norcold as a defendant.

For its part, Tiffin, the defendant who removed the case, joins in Norcold's and Thetford's request that the Court retain jurisdiction over this case. Citing *Freeport-McMoRan, Inc. v. K N Energy, Inc.*, 498 U.S. 426 (1991), it argues that subsequent events cannot divest this Court of jurisdiction where jurisdiction existed at the time of removal.

*Decision to Allow Adding Norcold as a Defendant*

The Court declines to revisit the decision to allow the plaintiffs to add Norcold as a defendant. In making this decision, the Court has considered the equities, including "(1) the

plaintiff[s'] motive for seeking joinder, particularly whether the purpose is to defeat federal jurisdiction; (2) the timeliness of the request to amend; (3) whether the plaintiff will be significantly injured if joinder is not allowed; and (4) any other relevant equitable considerations." *Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 759 (7th Cir. 2009).

This case involves a fire that allegedly began with a defective motor home refrigerator that resulted in the destruction of the entire motor home owned by plaintiff Trumbull Insurance Company's subrogor and stored in a motor home storage facility owned by plaintiff Cincinnati's subrogor. Norcold manufactured the allegedly defective refrigerator and therefore is an entirely appropriate—even indispensable—defendant in this tort action. There is no suggestion the plaintiffs joined it simply to defeat federal jurisdiction or for any other improper purpose.

Furthermore, the plaintiffs will be prejudiced if Norcold is not allowed to be joined because it will be forced to litigate against potentially responsible parties in two different lawsuits in two different forums. Additionally, it appears that the plaintiffs added Norcold fairly early in the case, less than two months after filing the case.

Finally, Norcold and Thetford complain that they have been forced to do unnecessary work because the plaintiffs failed to notify the Court of Norcold's citizenship when they filed the First Amended Complaint. The Court notes, however, that Norcold itself could have nipped this jurisdictional problem in the bud by promptly informing the plaintiffs and/or the Court of *its own citizenship*, rather than letting the case proceed until the Court detected a potential problem. The Court has little sympathy for a litigant's complaints of additional costs where the litigant had in its own power the means to avoid them. Furthermore, the Court notes that the work Norcold has done on this case will be useful to its defense in state court, so it has not been wasted effort.

In such circumstances, the Court will not revisit its decision to allow Norcold to be added a defendant in this case.

*Lack of Complete Diversity*

To the extent Tiffin suggests the Court can still exercise diversity jurisdiction, it is wrong. The cases its cites address circumstances where a party's citizenship changed after the filing of the complaint or the notice of removal. For example, in *Freeport-McMoRan, Inc. v. K N Energy, Inc.*, 498 U.S. 426 (1991), complete diversity existed when the plaintiffs filed the breach of contract action in federal court, but the plaintiffs then transferred their interest in the contract to a non-diverse party and substituted that party as a plaintiff. *Id.* at 427. The Court held that the post-filing transfer of the plaintiffs' contractual interests to a non-diverse party that was not indispensable at the outset did not deprive the Court of diversity jurisdiction that existed at the time of filing. *Id.* at 427-28. This result is consistent with the long-standing rule that "[w]here there is no change of party, a jurisdiction depending on the condition of the party is governed by that condition, as it was at the commencement of the suit." *Conolly v. Taylor*, 27 U.S. 556, 565 (1829); *accord Grupo Dataflux v. Atlas Glob. Grp., L.P.*, 541 U.S. 567, 574 (2004) (addressing a change in citizenship of a continuing party).

This rule is not relevant where a plaintiff files a post-removal amended complaint adding a new defendant not because an original defendant has transferred its original interest in the case, but because the new defendant is a newly identified potentially responsible party. There, the Court looks to the amended pleading to determine whether it continues to have the subject matter jurisdiction it had at the time of removal. *See Rockwell Int'l Corp. v. United States*, 549 U.S. 457, 474 (2007).

The *Freeport-McMoRan* rule is not relevant to this case because no party has transferred its interest or changed its condition after removal. On the contrary, the plaintiffs have added a completely new party that was not present at the time of removal. Under 28 U.S.C. § 1447(e), the addition of that non-diverse party requires this Court to remand this case. *See Schur v. L.A. Weight Loss Centers, Inc.*, 577 F.3d 752, 759 (7th Cir. 2009).

*Defendants' Expenses*

The Court declines to order the plaintiffs to pay any expenses of the defendants for this short-lived foray into federal court. As noted above, those expenses could have been avoided by Norcold as easily as they could have been avoided by the plaintiffs, and the vast majority of the work procured by those expenses will be useful back in state court.

For the foregoing reasons, the Court **REMANDS** this case to the Circuit Court for the First Judicial Circuit, Williamson County, Illinois, pursuant to 28 U.S.C. § 1447(e) for lack of subject matter jurisdiction. The remaining motion pending in this case are **DENIED as moot** (Docs. 39, 40 & 47).

**IT IS SO ORDERED.**
**DATED: August 19, 2019**

                                                  s/ J. Phil Gilbert
                                                  **J. PHIL GILBERT**
                                                  **DISTRICT JUDGE**